UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

ROBERT BUGLIARO,

              Plaintiff,

-against-

DETECTIVE JAMES SCHWEIKER (shield 6416);
SERGEANT PATRICK McGUIRE (shield 3456);
DETECTIVE EDWARD HENNESSY (shield 1785);
THE CITY OF NEW YORK; POLICE
DEPARTMENT OF THE CITY OF NEW YORK,

              Defendants.

------------------------------------------------------------------ X

10 Civ. _____ ( __ )

COMPLAINT

Jury Trial Demanded

        Plaintiff, complaining of the defendant, by his attorneys, THE BERKMAN LAW OFFICE, LLC, alleges for his complaint as follows:

### THE PARTIES

        1.    At all times mentioned herein, the plaintiff, ROBERT BUGLIARO is a natural person residing in the City and State of New York, County of Queens.

        2.    Upon information and belief, the defendant THE CITY OF NEW YORK ("City") is a municipal corporation organized and existing under the laws of the State of New York.

        3.    Upon information and belief, the defendant POLICE DEPARTMENT OF THE CITY OF NEW YORK ("Police Department") is a division or department of the defendant City.

4. Upon information and belief, the defendant DETECTIVE JAMES SCHWEIKER is a police officer employed by the defendant Police Department, and has been assigned shield number 6416.

5. Upon information and belief, the defendant SERGEANT PATRICK McGUIRE is a police officer employed by the defendant Police Department, and has been assigned shield number 3456.

6. Upon information and belief, the defendant DETECTIVE EDWARD HENNESEY is a police officer employed by the defendant Police Department, and has been assigned shield number 1785.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 USC § 1331, as plaintiff asserts a cause of action under 42 USC § 1983.

8. Venue is properly placed in the United States District Court for the Eastern District of New York since, upon information and belief, one or more of the individual defendants resides in this District. *See* 28 U.S.C. § 1391(b)(1).

## THE UNDERLYING FACTS

9. On or about September 17, 2005 an attempted robbery of a jewelry store took place.

10. On September 27, 2005 there was a robbery of another jewelry store.

11. The defendants Detective James Schweiker and Sergeant Patrick McGuire responded to the scene of the September 27, 2005 robbery and claimed to have personally seen the perpetrators at the time of the alleged robbery.

12. At the scene of the September 27, 2005 robbery Detective James Schweiker claimed to have had one of the suspects on the ground and was attempting to handcuff him, but then he and another suspect somehow got away.

13. The scene of the September 27, 2005 robbery was recorded on video tape on the store's surveillance system.

14. After taking possession of the video recordings of the scene of the September 27, 2005 robbery, and while the tape was in the possession, custody, and control of the defendants, the portion of the recording depicting the alleged robbery and the interaction of the police officers with the perpetrators was mysteriously erased.

15. By erasing the video recording, the defendants thwarted Bugliaro's ability to use the recording to vindicate himself.

16. On or about September 28, 2005, the plaintiff Robert Bugliaro was picked out of a photo array by Arthur Linder, a witness to the September 17, 2005 attempted robbery, as having allegedly been involved in the September 17, 2005 attempted robbery.

17. After being picked out of the photo array in September 28, 2005 in connection with the September 17, 2005 attempted robbery, on that same day, September 28, 2005, plaintiff Bugliaro's photograph was distributed widely among detectives and officers of the 17th Precinct.

18. On or about September 29, 2005 the plaintiff, Robert Bugliaro, was arrested in connection with the September 17, 2005 attempted robbery.

19. On or about September 29, 2005, Bugliaro was placed into a lineup and Arthur Linder, the witness to the September 17, 2005 attempted robbery, was given an opportunity to pick Bugliaro out of the lineup.

20. Linder was unable to identify Bugliaro in the lineup, and selected a filler instead.

21. Following the lineup and Linder's failure to select Bugliaro from the lineup, the defendants had no further probable cause to arrest Bugliaro, and he should have been immediately released from custody.

22. The defendants never had any probable cause to arrest Bugliaro for the September 27, 2005 robbery, and had no right to compel him to stand in a lineup for that robbery.

23. Instead, Bugliaro was placed in another lineup on September 29, 2005.

24. The second lineup was presided over by the defendant Detective Hennessy.

25. The second line-up was viewed by four non-police (*i.e.*, civilian) witnesses to the September 27, 2005 robbery, none of whom selected Bugliaro.

26. After four non-police witnesses failed to pick Bugliaro out of the line-up for the September 27, 2005 robbery, the defendants brought the defendant Detective James Schweiker to view the line-up.

27. Detective Schweiker stated that he was not sure, but he thought that he "might" select Bugliaro as having been involved in the September 27, 2005 robbery.

28. After Detective Schweiker gave his weak identification, the defendant Detective Hennessey took Detective Schweiker out of the room and went to get Detective McGuire, who was the second officer at the scene of the September 27, 2005 robbery.

29. While Detectives Hennessey and Schweiker were out of the room, and before Detective Hennessey returned with Detective McGuire, Bugliaro changed his seat in the lineup.

30. When Detective Hennessey returned to the room with Detective McGuire, due to the presence in the room of Bugliaro's counsel and others, there was no opportunity for Detective Hennessey to inform Detective McGuire that Bugliaro had changed seats.

31. When Detective Hennessey returned with Detective McGuire, Detective McGuire identified the individual who was sitting in the seat where Bugliaro had been sitting until he changed his seat moments before Hennessey and McGuire entered the room.

32. Prior to viewing the lineup, Detective James Schweiker spent two to two-and-a-half hours in the precinct, talking with other detectives and officers, and waiting in the 17th Precinct muster room and locker room with other officers and witnesses intermittently present.

33. At the time Detective James Schweiker was in the 17th Precinct, the photograph of Bugliaro that had been distributed in connection with the earlier attempted robbery was present throughout the precinct in the possession of numerous officers and detectives.

34. As a result of the identification of Bugliaro by Detective Schweiker, and despite the fact that it was not corroborated by any of the four civilian witnesses, and despite the fact that Detective McGuire had mysteriously selected the seat where Bugliaro had been sitting, and not Bugliaro—strongly suggesting that Schweiker or Hennessey had tipped McGuire off as to which seat to pick—the defendants proceeded with a prosecution of Bugliaro for the September 27, 2005 robbery.

35. At the trial, Detectives Hennessey and Schweiker offered perjured testimony against Bugliaro regarding the lineup, and as to other matters.

36. As a result of the charges brought against Bugliaro by the defendants, Bugliaro was held in custody until he was acquitted at trial on or about January 30, 2008—approximately 29 months later.

## AS AND FOR A CLAIM FOR RELIEF

37. Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

38. Upon information and belief, at all times relevant to this complaint, the defendants were acting under the color of state authority.

39. Upon information and belief, at all times relevant to this complaint, the defendants subjected the plaintiff to the aforementioned conduct, which constituted

a deprivation of his rights, privileges, and immunities secured by the Constitution and laws of the United States of America and the State of New York.

40. Among other things, the defendants wrongfully deprived the plaintiff of his liberty by placing him in a lineup for the September 27, 2005 robbery without probable cause; lying and falsifying the identification during that lineup; falsely testifying against the plaintiff; maliciously prosecuting the plaintiff; destroying evidence, including the log book and the surveillance video; and causing the plaintiff to be incarcerated for 29 months.

41. Upon information and belief, the conduct of the defendants was intended to allow the defendant officers and the Police Department to save face after they had bungled the attempted arrest at the September 27, 2005 robbery, and had been portrayed poorly in the media.

42. Upon information and belief, the conduct of the defendants was consistent with the policies of the defendants City and Police Department, and as such the defendants City and Police Department are directly liable for the actions of the police officer defendants.

43. Additionally, the defendants City and Police Department are vicariously liable for the actions of the police officer defendants as the actions alleged herein were within the scope of the employment of the police officer defendants.

44. The defendants are jointly and severally liable.

45. By reason of the foregoing, the plaintiff is entitled to recover from the defendant pursuant to 42 U.S.C. § 1983 for the full extent of his damages, in an amount to be determined at trial, but not to exceed $25,000,000.

**WHEREFORE**, the plaintiff demands judgment against the defendant in the amounts and for the relief requested herein, plus attorney's fees to the extent permitted by law.

Dated: New York, New York
October 22, 2010

Yours,

THE BERKMAN LAW OFFICE, LLC
*Attorneys for the Plaintiff*

by: _____
Robert J. Tolchin

111 Livingston Street, Suite 1928
Brooklyn, New York 11201
718-855-3627